**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| SABRINA PIERRE | : | |
| 2031 E. Birch Street, FL. 1 | : | |
| Philadelphia, PA 19134 | : | CIVIL ACTION |
|  | : | |
| Plaintiff, | : | No.:_____ |
|  | : | |
| v. | : | **JURY TRIAL DEMANDED** |
|  | : | |
| VEOLIA ES TECHNICAL SOLUTIONS, LLC | : | |
| 100 Federal Street, Suite 301 | : | |
| Boston, MA 02110 | : | |
| and | : | |
| VEOLIA NORTH AMERICA, LLC | : | |
| 648 N. Plankinton Ave, Suite 300 | : | |
| Milwaukee, WI 53203 | : | |
|  | : | |
|  | : | |
| Defendants. | : | |
|  | : | |

**CIVIL ACTION COMPLAINT**

Ms. Sabrina Pierre ("Plaintiff," or "Ms. Pierre,") by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.       Ms. Pierre has initiated this action to redress violations by Veolia ES Technical Solutions, LLC and Veolia North America, LLC (hereinafter collectively "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 et seq.), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 et seq.), Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. § 2000e et seq.), 42 U.S.C. § 1981, the Pennsylvania Human

Relations Act ("PHRA" - 43 P.S. Section 951, et seq.), and Philadelphia Fair Practices Ordinance ("PFPO" - Phila. Code Chapter 9-1100 et seq.).[1]

2.     Ms. Pierre alleges, *inter alia*, that Defendants showed great disdain and animosity towards her serious medical conditions and need for reasonable accommodations. When Ms. Pierre complained that she was facing disparate treatment because of her accommodation needs and race, Defendants turned around and suddenly terminated her under demonstrably pretextual circumstances.

3.     As a direct consequence of Defendants' unlawful actions, Ms. Pierre seeks damages as set forth herein.

## JURISDICTION AND VENUE

4.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

5.     This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

---

[1] Plaintiff intends to amend her instant Complaint to include claims arising under the PHRA/PFPO on or about November 24, 2026, once her administrative remedies as to those claims are fully exhausted with the PHRC/PCHR. Plaintiff's claims arising under the PHRA will mirror the instant Title VII/ADA claims.

2

6.      Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue is properly laid in this district as a substantial part of the events giving rise to this lawsuit occurred in the Eastern District of Pennsylvania and Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

7.      Ms. Pierre filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed the Charge with the Pennsylvania Human Relations Commission ("PHRC").

8.      Ms. Pierre has properly exhausted her administrative remedies by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving the EEOC's Right-to-Sue letter.

## PARTIES

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     Ms. Pierre is an adult African American/Black individual, with an address as set forth in the caption.

11.     Defendant Veolia North America, LLC is a Delaware business entity with a principal place of business as set forth in the caption.

12.     Defendant Veolia ES Technical Solutions, LLC is a Delaware business entity with a principal place of business as set forth in the caption.

13.     Due to overlapping resources, management, advertisement, controls, benefits, directives, and other (joint and integrated) management structures, Defendants are properly single, joint and/or integrated employers for all purposes in this lawsuit.

14.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

15.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16.     On or about September 18, 2023, Ms. Pierre began working with Defendants as a temporary customer service contractor at their Philadelphia, Pennsylvania location.

17.     On or about May 24, 2024, due to her excellent work performance, Defendants hired Ms. Pierre as a full-time employee as a Billing Coordinator, reporting initially to Billing Supervisor Joann McDonnell.

18.     It was in this capacity that Ms. Pierre remained employed until Defendants unlawfully terminated her on or about November 7, 2025, just weeks after engaging in protected activity, including formal complaints of discrimination and requests for accommodation.

19.     As a Billing Coordinator, Ms. Pierre was responsible for creating invoices and processing customer bills, which she did without issue or concern. In fact, Ms. Pierre was often lauded for her work and given merit-based salary increases.

20.     Unfortunately, Ms. Pierre suffers from neurological and mental health conditions which include, but are not limited to, bipolar disorder, anxiety, panic disorder, depression, vertigo, and chronic migraines.

21.     These aforementioned medical conditions, at times, substantially limit, among other things, Ms. Pierre's ability to sleep, see, concentrate, and regulate her emotional state.

22.     Beginning in or about December 2024, Ms. Pierre started discussing her aforementioned disabilities with Defendants' Human Resources Business Partner Stefanie Strom ("Strom").

23.     Ms. Pierre also asked Strom what type of accommodations were available to her. While Ms. Pierre specifically inquired about the possibility of working remotely or on a hybrid schedule, she was dismissed and told that Defendants wanted everyone in the office.

24.     Over the course of the next several months, Ms. Pierre's aforementioned disabilities were being exacerbated by her working environment so on or about May 19, 2025, Ms. Pierre contacted Strom  and told her that she had not been feeling well, and was suffering from anxiety.

25.     Strom provided Ms. Pierre with short-term disability leave paperwork and told her she could go home for the day. Ms. Pierre then completed the paperwork for a short term medical leave of absence.

26.     On or about May 20, 2025, through on or about August 22, 2025, Ms. Pierre took an approximate 3-month medical leave of absence.

27.     Ms. Pierre's approximate three-month medical leave constituted protected leave and/or a reasonable accommodation under applicable law.

28.     Ms. Pierre returned to work on or about late August of 2025. During this timeframe Ms. Pierre further discussed and sought modified work-from-home medical accommodations and provided updated medical documentation substantiating same.

29.     After her return to work, Ms. Pierre began experiencing antagonism and negative treatment and was singled out with increased scrutiny of her work and selective enforcement of policies against only her. Further, Strom told Ms. Pierre that her previously approved accommodations were no longer approved.

30. Instead of continuing to accommodate Ms. Pierre, Defendants' conduct exacerbated Ms. Pierre's disabilities causing her to have to frequently call out or leave her desk to go to a dark room when her conditions flared up.

31. On or about October 8, 2025, shortly after her return from medical leave, Defendants suddenly issued Ms. Pierre her first corrective action ever.

32. After nearly two (2) years of exemplary employment (both as a temporary and direct employee), Defendants suddenly issued Ms. Pierre discriminatory and retaliatory discipline in close temporal proximity to her additional medical accommodation requests and return from medical leave.

33. As explained more *infra*, this treatment prompted Ms. Pierre to submit a "formal complaint" on or about October 10, 2025 as Defendants had neglected Ms. Pierre's accounts while she was on medical leave and – upon her return – she experienced tremendous difficulty due to non-communication, non-handling of her work matters during her leave, and system access problems (among other concerns).

34. On or about October 10, 2025, Ms. Pierre submitted a formal complaint to management and human resources explaining inter alia:

a. She was "submitting a formal complaint;"

b. There was "unequal treatment, bias," and negative treatment towards "African Americans;"

c. Management had "questioned the legitimacy" of her health problems or accommodation needs;

d. There was "considerable delay" in considering/approving necessary medical accommodations;

6

e.   There was a "distinct change in treatment" after her "accommodation approval."

f.   Upon returning from medical leave in August of 2025, there was "no reintegration plan, locked system access, and no communication from [her] manager;"

g.   The October 8, 2025 disciplinary action was unfounded and retaliatory; and

h.   concluded with concerns about discriminatory treatment.

35.   In addition, Defendants required Ms. Pierre to resubmit medical documentation for her accommodation requests (despite having already previously done so in or about March 2025).

36.   Ms. Pierre submitted all requested paperwork and had confirmed various accommodations (with human resources and management) to which she understood had been approved via email on or about October 15, 2025.

37.   These accommodations included (as of this timeframe): (a) work from home 3 days per week; and (b) use of specified (private) physical offices or space(s) within Defendants' physical offices.

38.   Within mere weeks, Defendants would suddenly terminate Plaintiff's employment.

39.   On or about November 4, 2025, Strom informed Plaintiff that an "investigation" into her discrimination and retaliation concerns had "concluded" and that same were "unsubstantiated."

40.   When Ms. Pierre questioned Strom as to why her concerns were allegedly unsubstantiated, Strom explained she would only go into detail about her (and Defendants') findings in a future meeting (which never occurred).

41.   Just days later, on or about November 7, 2025, Defendants informed Ms. Pierre that her job position was allegedly being "eliminated" due to "restructuring" and "downsizing" considerations.

7

42. Via email dated November 7, 2025, Strom asserted that Ms. Pierre's termination was allegedly "part of a broader organizational restructuring" and that she was selected for separation based solely on "business needs, cost reduction, and position elimination."

43. Defendants offered Ms. Pierre an unsolicited severance agreement (labeled "Separation Agreement and General Release") in conjunction with her termination wherein receipt of such severance compensation was conditioned upon her waiving all discrimination and retaliation claims against Defendants.

44. The offer of unsolicited severance corroborates Ms. Pierre had no performance concerns and that she was not terminated for cause. *See e.g. Brandy v. Maxim Healthcare Servs., Inc.*, 2012 WL 5268365, at *2 (N.D. Ind. 2012) (holding that severance agreements offered at the time of termination do not fall under Rule 408 because they are offered before a dispute arises, regardless of if the employer "anticipated the severance agreement curtailing any potential future litigation.").

45. Upon information and belief, Defendants retained many Billing Coordinators in Ms. Pierre's territory and outside of her territory whose jobs she could have performed (or whom should have been terminated if neutral criteria for an alleged sudden job elimination were actually utilized).

### COUNT I
### <u>Violations of the ADA</u>
### ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Plaintiff suffers from qualifying health conditions under the ADA, which affected her ability (at times) to perform some daily life activities (as set forth *supra*).

48.    Despite Plaintiff's aforementioned health conditions and limitations, she was still qualified and able to perform the duties of her job well with Defendant.

49.    Just prior to her pretextual termination, Plaintiff disclosed her aforementioned disabilities/serious medical conditions and requested reasonable accommodations.

50.    Plaintiff's actual or perceived disabilities and/or record of impairment was a motivating or determinative factor in Defendants' decision to terminate her employment.

51.    Plaintiff also avers that she was terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations) under the ADA.

52.    Finally, Plaintiff avers that she was terminated as a direct result of Defendants' desire to no longer accommodate her in the future.

53.    Defendants' actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference and Retaliation)**

54.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55.    Defendants were Plaintiff's employer(s), with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C. § 2611(2)(i).

56.    Plaintiff had at least 1,250 hours of service with Defendants during her last full year of employment.

57.    Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C. § 2611(4)(A)(i).

58.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(A).

59.     Plaintiff notified Defendants of her serious medical condition and need for FMLA protected leave.

60.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

61.     Defendants committed interference and retaliation violations of the FMLA by inter alia: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights; (2) terminating Plaintiff to dissuade Plaintiff (or others) from utilizing FMLA leave; (3) considering Plaintiff's FMLA leave needs in making the decision to terminate her; (4) terminating Plaintiff to prevent her from taking FMLA-qualifying leave in the future; and (5) taking actions towards her that would dissuade a reasonable person from exercising her rights under the FMLA.

62.     These actions as aforesaid constitute violations of the FMLA.

**COUNT III**
**Violations of Title VII**
**Retaliation**

63.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

64.     Plaintiff complained to Defendants' management about what she reasonably believed to be discriminatory conduct and hostile work environment she was being subjected to because of race/color.

65.     Instead of investigating and/or properly remediating Plaintiff's aforesaid complaints of race/color discrimination, Defendants' management ignored them, left her legitimate concerns unresolved, and subjected her to further hostility and animosity.

66.     Following her complaints of race/color discrimination (discussed *supra*), Plaintiff was subjected to increased hostility and antagonism and terminated under completely pretextual circumstances.

67.     Plaintiff also believes and therefore avers that she was terminated in retaliation for engaging in protected activity under Title VII.

68.     These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

## COUNT IV
## Violations of 42 U.S.C. § 1981
## Retaliation

69.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

70.     Plaintiff complained to Defendants' management about what she reasonably believed to be discriminatory conduct and hostile work environment that she was subjected to because of race/color.

71.     Instead of investigating and/or properly remediating Plaintiff's aforesaid complaints of race/color discrimination, Defendants' management ignored them, left her legitimate concerns unresolved, and subjected her to further hostility and animosity.

72.     Shortly following her complaints of race/color discrimination (discussed *supra*), Plaintiff was terminated under completely pretextual circumstances.

73.     Plaintiff believes and therefore avers that she was terminated in retaliation for engaging in protected activity under 42 U.S.C. § 1981.

74.     These actions as aforesaid constitute unlawful retaliation under 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

11

A.      Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful employment practices, retaliation, and discrimination at the hands of Defendants until the date of verdict;

B.      Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including compensatory damages including damages for emotional distress;

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated: May 11, 2026

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Sabrina Pierre | : | CIVIL ACTION |
| v. | : : : | |
| Veolia Es Technical Solutions, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x )

| | | |
|---|---|---|
| 5/11/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PIERRE, SABRINA

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

VEOLIA ES TECHNICAL SOLUTIONS, LLC

County of Residence of First Listed Defendant   Suffolk
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**     **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane     [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product     Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | Liability     [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &     Pharmaceutical | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| & Enforcement of Judgment | Slander     Personal Injury | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'     Product Liability | | [ ] 835 Patent – Abbreviated | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted | Liability     [ ] 368 Asbestos Personal | | New Drug Application | [ ] 470 Racketeer Influenced and |
| Student Loans | [ ] 340 Marine     Injury Product | | [ ] 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | [ ] 345 Marine Product     Liability | | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment | Liability     **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | [ ] 350 Motor Vehicle     [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | | [ ] 485 Telephone Consumer |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle     [ ] 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| [ ] 190 Other Contract | Product Liability     [ ] 380 Other Personal | [ ] 720 Labor/Management | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal     Property Damage | Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| [ ] 196 Franchise | Injury     [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | [ ] 362 Personal Injury -     Product Liability | [ ] 751 Family and Medical | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**     **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights     **Habeas Corpus:** | [ ] 791 Employee Retirement | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 220 Foreclosure | [ ] 441 Voting     [ ] 463 Alien Detainee | Income Security Act | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment     [ ] 510 Motions to Vacate | | or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/     Sentence | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 245 Tort Product Liability | Accommodations     [ ] 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| [ ] 290 All Other Real Property | [X] 445 Amer. w/Disabilities -     [ ] 535 Death Penalty | | | Agency Decision |
| | mployment     **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/Disabilities -     [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | State Statutes |
| | Other     [ ] 550 Civil Rights | [ ] 465 Other Immigration | | |
| | [ ] 448 Education     [ ] 555 Prison Condition | Actions | | |
| | [ ] 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of the ADA, FMLA, Title VII, Section 1981, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   5/11/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____